**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000535
06-MAY-2013
08:38 AM**

NO. CAAP-12-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

MATHEW S. MIKELSON,
Plaintiff-Appellee,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION,
Defendant-Appellant,
and
JOHN DOES 1-25, JANE DOES 1-25, DOE CORPORATIONS 1-25,
DOE PARTNERSHIPS 1-25, and DOE GOVERNMENTAL ENTITIES 1-25,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 99-1856)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant United Services Automobile
Association (USAA) appeals from (1) the November 28, 2006 "Order
Granting Plaintiff Mathew S. Mikelson's Motion For Order That
Defendant [USAA] 'Pay Benefits' To Plaintiff," (Order to Pay
Benefits); (2) the May 3, 2012 "Order Granting Plaintiff Mathew
S. Mikelson's Renewed Motion For Attorney Fees And Costs Under
[Hawaii Revised Statutes (HRS)] § 431:10-242 [(2005 Repl.)]"
(Order Granting Attorneys' Fees and Costs); and (3) the May 3,
2012 Final Judgment entered in the Circuit Court of the First

Circuit[1] (circuit court) in favor of Plaintiff-Appellee Mathew S. Mikelson (Mikelson).

## I. BACKGROUND

The background facts of this case are set forth in Mikelson v. United Services Auto. Ass'n, 107 Hawai'i 192, 111 P.3d 601 (2005) (Mikelson I), Mikelson v. United Services Auto. Ass'n, 108 Hawai'i 358, 120 P.3d 257 (2005) (Mikelson II), and Mikelson v. United Services Auto. Ass'n, 122 Hawai'i 393, 227 P.3d 559 (App. 2010) (Mikelson III). The current appeal involves a dispute regarding the circuit court's award of attorneys' fees and costs in Mikelson's favor.

On January 23, 2001, Mikelson filed an amended complaint alleging claims for declaratory relief (Count I) and for bad faith and punitive damages (Counts II and III) against USAA. Following a bench trial, the circuit court ruled in Mikelson's favor on his declaratory relief claim, concluding Mikelson was a covered person under an insurance policy issued by USAA and entering a judgment certified pursuant to Hawai'i Rules of Civil Procedure Rule 54(b). In Mikelson I, the Hawai'i Supreme Court affirmed the circuit court's judgment. 107 Hawai'i at 201-06, 111 P.3d at 610-15. In Mikelson II, the supreme court denied Mikelson's request for attorneys' fees. 108 Hawai'i at 361, 120 P.3d at 260.

Pursuant to the insurance policy, and as directed by the supreme court in Mikelson II, the parties entered into arbitration to determine the amount of benefits to which Mikelson was entitled. On October 4, 2006, the arbitrator awarded Mikelson a net amount of $110,236.33. USAA tendered a check for the full amount of benefits on October 10, 2006, six days after the award's issuance.

Mikelson filed his "Motion for Order Confirming the Arbitration Award" on October 17, 2006 and his "Motion for Order

---

[1] The Honorable Bert I. Ayabe presided over the Order to Pay Benefits; the Honorable Patrick W. Border presided over the Order Granting Attorneys' Fees and Costs and the Final Judgment.

that Defendant [USAA] 'Pay Benefits' to Plaintiff" on October 20, 2006. The circuit court granted both motions.

On July 13, 2007, the parties stipulated to dismiss the remaining Counts II and III and to bear their own attorneys' fees and costs relating to Counts II and III. The parties further stipulated the dismissal would not occur "until after all proceedings related to [Mikelson's] anticipated Motion for Attorney Fees and Costs [was] fully and finally adjudicated by the circuit court." Mikelson reserved the right to move for attorneys' fees "including but not limited to an award under [HRS] § 431:10-242."

On December 26, 2006, USAA appealed the circuit court's order confirming the arbitration award, and this court affirmed the order on March 24, 2010 in Mikelson III. 122 Hawaiʻi at 399-401, 227 P.3d at 565-67. After issuing our opinion in Mikelson III, this court also entered an order on June 8, 2010, denying Mikelson's request for attorneys' fees.

On November 22, 2010, Mikelson filed a "Renewed Motion for Attorney Fees and Costs Under [HRS] § 431:10-242" in the circuit court. On May 3, 2012, the circuit court entered its Order Granting Attorneys' Fees and Costs and its Final Judgment. USAA timely appealed on May 31, 2012.

On appeal, USAA contends the circuit court erred as a matter of law in entering its (1) Order to Pay Benefits and (2) Order Granting Attorneys' Fees and Costs.

## II. STANDARD OF REVIEW

> [The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005) (internal quotation marks, citations, brackets in original, and ellipses

omitted) (quoting <u>Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i</u>, 92 Hawai'i 432, 439, 992 P.2d 127, 134 (2000)).

### III.  DISCUSSION

<u>A.</u>        <u>Order To Pay Benefits</u>

The sole issue in this appeal concerns Mikelson's entitlement to attorneys' fees and costs under HRS § 431:10-242. HRS § 431:10-242 states:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

<u>Id.</u>  Because the statute's plain language requires an "order[] by the courts to pay benefits,"[2] Mikelson filed his "Motion for Order that Defendant [USAA] 'Pay Benefits' to Plaintiff," which the circuit court granted.

USAA contends the circuit court erred when it granted the Order to Pay Benefits because Mikelson failed to adequately plead a claim for payment of benefits.  We disagree.  "Hawai'i's rules of notice pleading require only that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests[.]"  <u>Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship</u>, 115 Hawai'i 201, 215 n.17, 166 P.3d 961, 975 n.17 (2007) (internal quotation markds and brackets omitted).

Mikelson's claim for declaratory judgment stated: "USAA bears, and has borne, a duty to indemnify [Mikelson] for all compensatory damages to [Mikelson] that he is legally entitled to recover . . . up to the limits of liability for Bodily Injury Uninsured Motorist Coverage in the Policy[.]"  In declaratory

---

[2]    <u>See also</u> <u>Ranger Ins. Co. v. Hinshaw</u>, 103 Hawai'i 26, 34, 79 P.3d 119, 127 (2003) (concluding that although insurer contested its liability, insured could not recover fees under HRS § 431:10-242 because the case settled after an arbitration award, and the lower court dismissed the declaratory action and did not order the insurer to pay benefits).

judgment actions, the court has authority to grant ancillary equitable relief. HRS § 632-3 (1993); see also Commerce & Indus. Ins. Co. v. Bank of Hawaii, 73 Haw. 322, 329, 832 P.2d 733, 737 (1992) (insurer properly ordered to pay attorneys' fees and costs under HRS § 431:10-242 after contesting liability via declaratory relief action and being ordered to continue paying defense costs). As such, Mikelson's complaint satisfied the "notice pleading" requirement.

USAA also contends Mikelson's motion was moot because USAA paid the full amount of the final arbitration award before Mikelson filed his motion. However, an action is not moot when a court can still provide effective relief. See Carl Corp. v. State, Dep't of Educ., 93 Hawai'i 155, 165, 997 P.2d 567, 577 (2000) (describing mootness as "a remedial issue related to the ability of the court to grant prospective relief"). Here, the motion for the Order to Pay Benefits was not moot for the purpose allowing Mikelson to recover attorneys' fees under HRS § 431:10-242. Moreover, USAA's argument would allow an insurer to avoid paying attorneys' fees under the statute by paying benefits before the insured obtains an order.

Accordingly, we conclude the circuit court did not err when it granted the Order to Pay Benefits.

B.      Order Granting Attorneys' Fees And Costs

        1.   Appellate Proceedings Did Not Preclude Award

USAA claims the appellate courts' mandates in Mikelson II and Mikelson III precluded the circuit court from awarding attorneys' fees and costs in connection with Count I. We conclude, however, that USAA misconstrues the two opinions, and neither case permanently foreclosed Mikelson's recovery of attorneys' fees and costs.

In Mikelson II, 108 Hawai'i at 360, 120 P.3d at 259, the Hawai'i Supreme Court denied Mikelson's request for attorneys' fees because it was premature. The supreme court noted that the circuit court's judgment carefully parsed

5

entitlement to coverage and benefits, and it intentionally refrained from ordering the insurer to pay benefits because the payment issue would be decided via arbitration. Id. at 361, 120 P.3d at 260. Consequently, the supreme court denied attorneys' fees "under the circumstances," but it did not preclude an award after arbitration and after the circuit court ordered the insurer to "pay benefits" for the purposes of HRS § 431:10-242. Id.

In Mikelson III, 122 Hawai'i at 401, 227 P.3d at 567, this court affirmed the circuit court's order confirming the arbitration award. Because we did not expressly mandate a remand, USAA argues the circuit court lacked authority to take any further action on remand. However, our opinion, viewed as a whole, focused solely on reviewing the circuit court's non-final order, and nothing in our opinion or judgment prohibited the circuit court from conducting further proceedings.

After Mikelson III, Mikelson filed a request for attorneys' fees which this court denied. Our order cited Labrador v. Liberty Mutual Group, 103 Hawai'i 206, 211-12, 81 P.3d 386, 391-92 (2003), in which the Hawai'i Supreme Court held that neither arbitration nor an order to confirm an arbitration award satisfies the requirements of HRS § 431:10-242. Consequently, although we denied attorneys' fees relating to the arbitration award on appeal, our order did not preclude recovery of fees unrelated to the arbitration.

Therefore, the circuit court here did not act inconsistently with Mikelson II, Mikelson III, or our order by determining Mikelson's entitlement to attorneys' fees, and the circuit court did not err in concluding Mikelson was entitled to recover attorneys' fees and costs incurred in connection with Count I of Mikelson's amended complaint.

### 2. Award Entitlement: HRS § 431:10-242's Requirement That Proceeding Be "Suit"

USAA also contends the circuit court erred as a matter of law when it awarded attorneys' fees for the arbitration and

the arbitration confirmation proceedings. We agree with USAA's argument because, as noted above, the Hawai'i Supreme Court held in Labrador that an arbitration proceeding (including a proceeding to confirm an arbitration award) is not a "suit" under the HRS § 431:10-242.

Mikelson contends Labrador is distinguishable because in that case, the parties mutually agreed to arbitrate, and the insured did not have to initiate a judicial proceeding until filing a motion to confirm the award. Id. at 208, 81 P.3d at 388. The supreme court did not indicate its holding or rationale was limited to the facts of that case, however. Rather, the court based its conclusion on its interpretation of the statute's "plain and obvious meaning." Id. at 211, 81 P.3d at 391. Therefore, we conclude Labrador controls this case.

In Labrador, the Hawai'i Supreme Court first noted that no previous case had decided the question of whether HRS § 431:10-242 applies to arbitration awards, and it proceeded to interpret the plain and unambiguous language of the statute. Id. at 210-11, 81 P.3d at 390-91. The supreme court distinguished the dictionary definitions of "arbitration" and "litigation" or "suit," and it emphasized that arbitration is a process alternative to "established tribunals of justice, and is intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation." Id. at 392, 81 P.3d at 212 (quoting Black's Law Dictionary 105 (6th ed. 1990)). The court concluded "an arbitration proceeding is not a 'suit' within the meaning of HRS § 431:10-242." Id.

Moreover, as in Labrador, the arbitration process in this case was not imposed by law, and it need not have been judicially instituted. See Labrador, 103 Hawai'i at 213, 81 P.3d at 393 (distinguishing Wiegand v. Allstate Ins. Co., 68 Haw. 117, 706 P.2d 16 (1985), which extended the definition of "suit" to include arbitration because the statutory provisions required the arbitration process be initiated in a judicial proceeding). Here, the parties chose the arbitration process precisely as an

alternative to litigation, and although the arbitration was part of a judicial proceeding, the circuit court and the supreme court directed the parties to arbitration "pursuant to the Policy." Mikelson I, 108 Hawai'i at 360, 120 P.3d at 259.

Therefore, because neither HRS § 431:10-242 nor the governing arbitration agreement[3] provided for an award of attorneys' fees from the arbitration, the circuit court erred when it awarded attorneys' fees incurred during the arbitration and the award confirmation proceedings.

### 3. Award Calculation

Lastly, USAA contends the circuit court erred in calculating the amount awarded in its Order Granting Attorneys' Fees and Costs. We agree the circuit court abused its discretion when it applied a multiplier of 1.5 without specifying the facts or rationale supporting its conclusion.

A court may increase its lodestar determination by a multiplier upon consideration of the following factors:

> The first of the factors to be considered for possible adjustment of the "lodestar" determination is "the contingent nature of success," a factor which may be of special significance where "the attorney has no private agreement that guarantees payment even if no recovery is obtained." ["Lindy I," 487 F.2d at 168]. The second additional factor to be examined "is the extent, if any, to which the quality of an attorney's work mandates increasing or decreasing" the "lodestar" figure. Id. If the court decides an adjustment is justified on this basis, it "should set forth as specifically as possible the facts that support ... [its] conclusion." Id. at 169.

Chun, 92 Hawai'i at 442, 992 P.2d at 137 (quoting Montalvo v. Chang, 64 Haw. 345, 359, 641 P.2d 1321, 1331 (1982)) (emphasis added).

_____

[3]   "[I]n the absence of an express authorization by statute," attorneys' fees may be awarded in an arbitration proceeding only when "the governing arbitration agreement provides for such an award." Hamada v. Westcott, 102 Hawai'i 210, 211, 74 P.3d 33, 34 (2003). The insurance policy in this case did not provide for an award of fees and costs from the arbitration. The policy's arbitration provisions state each party shall "[p]ay the expenses it incurs" and "[b]ear the expenses of the arbitrator equally." The policy in Labrador contained identical language, and the supreme court concluded the arbitration agreement did not authorize an attorneys' fees award. Labrador, 103 Hawai'i at 392 n.12, 81 P.3d at 212 n.12.

Neither the circuit court's Order Granting Attorneys' Fees and Costs, nor Final Judgment, nor the transcript from the hearing on Mikelson's motion for attorneys' fees and costs gives any indication of the circuit court's basis for applying a multiplier of 1.5. Although the trial court judge is in the best position to determine the reasonableness of attorneys' fees incurred for work in this case, <u>Nelson v. Univ. of Hawai'i</u>, 99 Hawai'i 262, 269, 54 P.3d 433, 440 (2002), the trial court abused its discretion when it calculated the award without setting forth as specifically as possible the facts that support its adjustment of the lodestar.

## IV. CONCLUSION

Based on the foregoing, we vacate (1) the May 3, 2012 "Order Granting Plaintiff Mathew S. Mikelson's Renewed Motion For Attorney Fees And Costs Under Haw. Rev. Stat. § 431:10-242" and (2) the May 3, 2012 "Final Judgment in Favor of Plaintiff Mathew S. Mikelson and Against Defendant United Services Automobile Association" entered in the Circuit Court of the First Circuit. We remand this case for further proceedings.

DATED: Honolulu, Hawai'i, May 6, 2013.

On the briefs:

Kevin P.H. Sumida
Ward F.N. Fujimoto
(Kevin Sumida & Associates)
for Defendant-Appellant.

Gregory W. Kugle
Tred R. Eyerly
(Damon Key Leong Kupchak Hastert)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge